United States District Court
Middle District of Florida
Jacksonville Division

**STEPHEN LEONARD GUARDINO JR.,**

  *Plaintiff,*

V.                   NO. 3:18-CV-1419-J-20PDB

**ROBERT FLORENCE FRUHAN &**
**PALM COAST URGENT CARE,**

  *Defendants.*

---

## Report & Recommendation

Stephen Leonard Guardino Jr., proceeding without a lawyer, has filed a complaint against Dr. Robert Florence Fruhan and Palm Coast Urgent Care, Doc. 1, and a motion to proceed in forma pauperis under 28 U.S.C. § 1915, Doc. 2.[1] The undersigned recommends dismissal without prejudice for lack of subject matter jurisdiction.

This is one of fifteen complaints Mr. Guardino has filed in the Orlando and Jacksonville Divisions of the Middle District of Florida in the last three months.[2] One

---

[1]Mr. Guardino originally filed this case in the Orlando Division. *See* 6:18-cv-2034-Orl-41DCI. The case was transferred here because the alleged conduct occurred in Flagler County. Doc. 3.

[2]*See Guardino v. Bd. of Cty. Comm'rs of Flagler Cty.* (6:18-cv-1858-Orl-37TBS, transferred and renumbered, 3:18-cv-1301-J-20JBT), *Guardino v. Flagler Cty. Tax Collector's Office* (6:18-cv-1894-Orl-40KRS, transferred and renumbered, 3:18-cv-1318-J-34JBT), *Guardino v. ITT, Inc.* (3:18-cv-1390-J-20JRK), *Guardino v. River Point Behavioral Health* (3:18-cv-1391-J-34JBT), *Guardino v. Coffey* (3:18-cv-1392-J-32JRK), *Guardino v. Flagler Hospital St. Augustine* (3:18-cv-1389-J-32PDB), *Guardino v. Mark Zuckerberg* (3:18-cv-1455-J-32JBT), *Guardino v. City of Deland, Florida* (6:18-cv-1502-Orl-41-GJK), *Guardino v. City of Ormond Beach, Florida* (6:18-cv-1503-Orl-40GJK), *Guardino v. Stewart-Marchman-Act Behavioral Healthcare* (6:18-cv-1504-Orl-41GJK), *Guardino v. Vital Security and Investigations, LLC* (6:18-

has led to a pending report and recommendation by the undersigned recommending dismissal for lack of subject matter jurisdiction on facts like those alleged in this case. *See Guardino v. Flagler Hospital St. Augustine* (3:18-cv-1389-J-32PDB). One has been dismissed without prejudice as frivolous because the allegations were fanciful, fantastic, and delusional and for failure to contain a short and plain statement establishing a right to relief. *See Guardino v. Stewart-Marchman-Act Behavioral Healthcare* (6:18-cv-1504-Orl-41GJK). One has been dismissed without prejudice for failure to pay the filing fee or file a motion to proceed in forma pauperis. *See Guardino v. Vital Security & Investigations, LLC* (6:18-cv-1857-Orl-41DCI). One has led to a pending report and recommendation recommending (1) dismissal of the complaint for failure to state a claim on which relief may be granted and (2) leave to amend. *Guardino v. Halifax Health* (6:18-cv-2035-Orl-41KRS). Two have led to orders in which a magistrate judge opined the claims are "far-fetched" and it is "highly doubtful" Mr. Guardino can draft a legally sufficient pleading but, in an "abundance of caution," provided leave to amend. *See Guardino v. ITT, Inc.* (3:18-cv-1390-J-20JRK); *Guardino v. Coffey* (3:18-cv-1392-J-32JRK). Two have led to pending motions to dismiss following leave to proceed in forma pauperis and service of process. *See Guardino v. City of Deland* (6:18-cv-1502-Orl-41GJK); *Guardino v. City of Ormand Beach* (6:18-cv-1503-Orl-40GJK).[3]

Here, Mr. Guardino uses the form "Complaint for a Civil Case" (Pro Se 1 (Rev. 12/16)). Doc. 1. Under "The Parties to This Complaint," he lists Palm Coast, Florida, addresses for himself and the defendants. Doc. 1 at 1–2. Under "Basis for Jurisdiction," he checks "Federal question" and writes "42 U.S.C. 1983 1, 4, 5th, 8th

---

cv-1857-Orl-41DCI), *Guardino v. Stewart Marchman-Act Behavioral Healthcare* (6:18-cv-2023-Orl-41DCI), *Guardino v. Halifax Health* (6:18-cv-2035-Orl-41KRS), and *Guardino v. City of Deland Police Dep't* (6:18-cv-2104-Orl-40TBS).

[3]In the two cases that have moved forward, Mr. Guardino asserts constitutional claims based on allegations that local governments asked him to not sleep in public parks. *See Guardino v. City of Deland* (6:18-cv-1502-Orl-41GJK); *Guardino v. City of Ormand Beach* (6:18-cv-1503-Orl-40GJK).

United States Constitution." Doc. 1 at 3. Under "Amount in Controversy," he writes "Ten Million United States Dollars." Doc. 1 at 4. Under "Statement of Claim," he writes:

> Doctor Robert Florence Fruhan of Palm Coast Urgent Care over the course of many years as his "Patient" prescribed Neurotoxins (psychiatric drugs) never fully informing me or Family of the truth and Effects. 25 years life expectancy drop to all on psychiatric drugs due + manifestation of disease from Neurotoxins. Robert actually claimed their was a brain chemical imbalance to which no tests given and government websites and other doctors claim a Brain chemical imbalance does not exist till after drugs. Palm Coast Urgent Care is shriner fez with intestines of A motorcycle cop with knife up buttocks my Dad was a motorcycle cop in New Jersey Google Earth [illegible].

Doc. 1 at 4 (errors in original). Under "Relief," he writes:

> Compensatory and punitive and other damages as court sees fit. He was supposed to care for health his Hippocratic oath—do no harm his oath—Neither will I administer a poison to anybody psychiatric drugs are Neurotoxins/Poisons – Provable with doctor testimony and government documents. Caused me to be overweight risk diabetes – he made money off his fraud.

Doc. 1 at 4 (errors in original).

Mr. Guardino includes three pages with the complaint. Doc. 1 at 6–8. On the first page, titled, "Offer of Proof," and "Evidence Exhibit 1," he states, "i stephen leonard guardino jr as King hereby enter into court evidence for the judge and jury to examine and for inscription on court record the following: Screen Shot Capture of Evidence of Government website." Doc. 1 at 6. He adds to the document a screenshot of a "PLOS Medicine" webpage displaying an article titled, "There is no Such Thing as a Psychiatric Disorder/Disease/Chemical Imbalance." Doc. 1 at 6. On the second page, titled, "Offer of Proof," and "Evidence Exhibit 2," he states, "i stephen leonard guardino jr as King hereby enter into court evidence for the judge and jury to examine and for inscription on court record the following: GOOGLE EARTH IMAGES: Image One: Palm Coast Parkway, Knife up motorcycle cop buttocks. Wal mart, lowes his

3

head, B section Cobra face Sky, Urgent care Intestines, Dad was cop New Jersey, Robert was 'Family Doctor' Dad Had health problems. Was Robert poisoning him 'gutting him' [and] Image Two: Shiner Fez with Magic trick of intestines gutted from police Motorcycle cop. Shriner Fez on Palm Coast post office, A Swine/pig snout. Cops known as pigs." Doc. 1 at 7 (errors in original). The third page is Google Earth images of aerial views of Palm Coast Urgent Care. Doc. 1 at 8.

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If a court determines it lacks jurisdiction, it must dismiss the action, Fed. R. Civ. P. 12(h)(3), without prejudice, *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

A district court has jurisdiction to hear a claim arising under federal law if the plaintiff's right "to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Bell v. Hood*, 327 U.S. 678, 685 (1946). "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; *or* (2) such a claim is wholly insubstantial or frivolous." *BCBS of Alabama v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotation marks omitted) (emphasis in original). A claim is wholly insubstantial or frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.*

42 U.S.C. § 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of a federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A private actor is not subject to liability under § 1983 unless

4

he conspires with a state actor. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights." *Id*. (internal quotation marks and alterations omitted).

In *Davis v. Cluet, Peabody & Co.*, the Eleventh Circuit held a district court had no subject matter jurisdiction over a case in which the plaintiffs alleged involuntary detention by private defendants in violation of the Fourteenth Amendment. 667 F.2d 1371, 1372 (11th Cir. 1982). The court observed that the "Supreme Court has limned a liberal standard to guide the courts in determining whether a federal question is substantial enough to allow the federal courts to take jurisdiction" and that "[u]nless a question is so unsubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy, the federal courts have subject matter jurisdiction." *Id*. at 1372 (internal quotation marks omitted). The court continued, "Even under such a broad gauge we hold that the federal question in this case was so totally devoid of merit that the district court should not have assumed jurisdiction." *Id*. at 1373. The court reasoned that the law is clear that purely private actions are not subject to the Fourteenth Amendment and the court could construe no statement in the complaint or any part of the record "that might conceivably involve state action." *Id*. The court added that had the plaintiffs made "some allegation" that the court could interpret to possibly raise the issue of state action, the court "would hold that a substantial federal question was presented that would provide subject matter jurisdiction and allow a decision by the district court on the merits of the complaint." *Id*.

Here, using similar reasoning, the undersigned recommends dismissal without prejudice for lack of subject matter jurisdiction. Mr. Guardino provides Florida addresses for all parties and, by leaving blank the box next to "Diversity of citizenship," appears to recognize the lack of diversity jurisdiction. He purports to bring a federal claim under § 1983 and constitutional amendments, but state action

5

is required for that type of claim, and, like the plaintiffs in *Davis*, he makes no allegation or suggestion that state action was involved.

Even if the Court had subject matter jurisdiction over the claim, the undersigned would recommend dismissal without prejudice based on frivolity.

Under 28 U.S.C. § 1915(e)(2), a court "shall" dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A dismissal based on frivolity is without prejudice to filing a paid complaint. *Id.* at 34. Although a pro se litigant generally should be permitted to amend a pleading, a court need not provide leave to amend if it would be futile, meaning the pleading as amended would still be properly dismissed or immediately subject to summary judgment. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, under those standards, the action is frivolous, and amendment would be futile, because the factual contentions are fanciful, fantastic, irrational, or delusional. Mr. Guardino refers to himself as "King." Doc. 1 at 6, 7. He seeks "Ten Million United States Dollars." Doc. 1 at 4. He alleges he manifested a disease from neurotoxins and Dr. Fruhan administered poison by prescribing psychiatric drugs and diagnosed a brain chemical balance "to which no tests given." Doc. 1 at 4. As in other cases, he provides as asserted evidence Google Earth aerial images allegedly depicting something unusual or sinister; here, that the area around Palm Coast looks like a "motorcycle cop with knife up buttocks" and there is a "Shriner Fez" on the Palm Coast post office that looks like a pig snout and "cops known as pigs."[4] Doc. 1 at 4, 7–8 (errors in original).

---

[4]*See, e.g., Guardino v. Bd. of Cty. Comm'rs of Flagler Cty* (3:18-cv-1301-J-20JBT) (alleging county commissioners are sexually exploiting the children and

Thus, the undersigned recommends:

(1) **dismissing** the case without prejudice for lack of subject matter jurisdiction; and

(2) **directing** the Clerk of Court to close the case.[5]

**Ordered** in Jacksonville, Florida, on December 12, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Stephen Leonard Guardino Jr.
97 Wynnfield Drive
Palm Coast, FL 32164

---

people of Flagler County as evidenced by Google Earth aerial images of the county courthouse showing "a girl bent backwards with her breast being kissed/sucked," "a policeman with no arms, no legs pushed by a snakelike man down S.R. 100 and viewed another way a mental health hospital patient wearing helmet girl as nose drooling mocking the Bible Ephesians Helmet of [saliva] instead of salvation"); *Guardino v. Flagler Hospital St. Augustine* (3:18-cv-1389-J-32PDB) (alleging that Google Earth aerial images show an outline of a space cadet helmet in both Flagler Hospital and where he grew up in New Jersey); *Guardino v. Mark Zuckerberg* (3:18-cv-1455-32JBT) (alleging that Google Earth aerial images of Facebook's headquarters show a phallic symbol shared between cartoon-like characters, with one appearing "Donald Trump" like); *Guardino v. ITT, Inc.* (3:18-cv-1390-J-20JRK) (alleging that a company designed streets to sexually exploit children and residents as evidenced by Google Earth aerial images depicting things like a "head," a "knife," a "face guy," a "cobra face up forward," and an "anal penis butt").

[5]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3), 28 U.S.C. § 636(b)(1)(B), 11th Cir. R. 3-1, Local Rule 6.02.

7